UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

CHRISTOPHER L. MARTIN,

        Defendant.

REPORT & RECOMMENDATION

07-CR-6059L

---

By Order of Hon. David G. Larimer, United States District Judge, dated April 6, 2006, all pretrial matters in the above-captioned case have been referred to this Court pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B). (Docket # 12).

On December 12, 2005, the defendant Christopher Martin was arrested and charged in a Criminal Complaint with assaulting, opposing or intimidating a United States federal law enforcement agent who was engaged in the performance of his or her official duties, in violation of 18 U.S.C. §§ 111(a) and (b). (Docket # 1). By order entered January 10, 2006, this Court ordered that Martin be examined at a Federal Medical Facility to determine whether Martin was suffering from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him and to assist properly in his defense. Pursuant to that order, a forensic mental health evaluation was conducted at the Devens Federal Medical Center, Ayer, Massachusetts. The forensic report, dated March 30, 2006, concluded, in part, that Martin was suffering from a sever psychotic disorder which constitutes a mental disease or defect rendering Martin unable to understand the nature and consequences of the proceedings

against him or to assist properly in his defense. That report recommended that Martin be committed for further evaluation and treatment.

On April 7, 2006, defendant's counsel appeared at a proceeding before both the District Court and this Court, waived the presence of Martin, accepted the report from the Devens Medical Facility and waived a hearing. Defense counsel had no opposition to the Bureau of Prisons' conclusion that Martin was suffering from a mental disease or defect rendering him incompetent to stand trial and that an additional period of treatment was necessary to determine if there was a probability that Martin would become competent. At that proceeding, this Court issued an oral Report and Recommendation that Martin be hospitalized for further treatment pursuant to 18 U.S.C. § 4241(d)(1), which was accepted and adopted by the District Court. Accordingly, United States District Judge David G. Larimer ordered that Martin be hospitalized for treatment at a suitable federal medical facility, pursuant to 18 U.S.C. § 4241(d)(1), to determine whether there was a substantial probability that Martin would be able to attain the capacity to stand trial. (Docket # 13). Martin was thereafter admitted to the Butner Medical Center for treatment.

On February 21, 2007, Martin's treating psychologist and psychiatrist issued a report to the court concluding that Martin had regained competency and had attained the capacity to permit him to stand trial. Martin thereafter appeared before this Court on April 4, 2007, at which time both defense counsel and counsel for the government noted their agreement with the report's conclusions and requested that Martin be found competent to stand trial. In addition, Martin indicated to the Court that he was aware of his right to request a competency

hearing, but requested that a finding of competence be made based upon the forensic report. (Docket # 21).

>18 U.S.C. § 4241 provides:
>
>**Discharge** - When the director of the facility in which a defendant is hospitalized pursuant to subsection (d) determines that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, he shall promptly file a certificate to that effect with the clerk of the court that ordered the commitment . . . . If, after [a] hearing, the court finds by a preponderance of the evidence that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, the court shall order his immediate discharge from the facility in which he is hospitalized and shall set the date for trial.

18 U.S.C. § 4241(e).

Upon review of the forensic report, I find by a preponderance of the evidence that Martin is capable of understanding the nature and consequences of the proceedings against him and is able to assist properly in his defense. It is therefore the recommendation of this Court that the District Court determine that Martin is currently competent to stand trial.

<i>Marian W Payson</i><br>
MARIAN W. PAYSON<br>
United States Magistrate Judge

Dated: Rochester, New York
       May _4_, 2007

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 58.2(a)(3) of the Local Rules of Criminal Procedure for the Western District of New York.[1]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2(a)(3) of the Local Rules of Criminal Procedure for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2(a)(3) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

_____
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
       May 4, 2007

---

[1] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(F) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the ten days allowed for filing objections has elapsed. *United States v. Andress*, 943 F.2d 622 (6th Cir. 1991); *United States v. Long*, 900 F.2d 1270 (8th Cir. 1990).